Our last case this afternoon is 4-11-0-7-3-5 People v. Cordova Appearance of Mr. Cohn for apparellant I'm sorry, I couldn't hear you, sir? Age has done terrible things Well, I was going to say, Mr. Cohn, if you'd prefer to be seated during your argument I'd like to, obviously, unless I feel tired Okay, if you wish to sit down at any time, feel free What happened was, on the way down here, my car yesterday was lost by a walker I had a walker, and we had to get a cane So we left it at a rest stop Thank you very much Always a pleasure to see you, Mr. Cohn It's a pleasure It was many years ago we tried a different case I remember the name of the case Grabby Yes, sir Yes, I remember Okay In this case, the issue is primarily whether the defendant should have received a Miranda warning And he did not There's no doubt about that, he did not The law is, the U.S. Supreme Court said that a person should receive a Miranda warning when and if he, as an average citizen, would believe that his freedom of movement was limited And that is what happened here There is no doubt that the defendant's freedom of movement was limited He was taken to the police station in a police car by two uniformed officers I think it was a marked police car I don't know what else it would have been Okay He was then at the station He wasn't permitted to walk to the station alone, he was one block away He was told he has to go with the police, and he went with the police What are you going to do, are you going to fight with the police? No, you go with the police You go, and your freedom of movement is limited You're then taken to a room, and you're questioned And you're questioned for a number of hours, and then ultimately you give a statement That statement should not have been admitted because there was no Miranda warning There's no doubt about that, there was no Miranda warning The state says, well, at testimony, at the motion to suppress, he said, well, I didn't think I was under arrest That doesn't mean a thing The U.S. Supreme Court has basically set a bright line rule That prior to any questioning, you must advise the person with Miranda warnings We're not going to wait until there's a hearing to see how he felt or didn't feel It's just like if, excuse me, the expression, if one of you gentlemen were arrested by a police officer You clearly know what Miranda warnings are You still have to be given Miranda warnings if you're arrested You can't say, well, if you know, if we know that this person knows the rights, he doesn't have to be given the warning You have to give the warnings, that's what the U.S. Supreme Court said And so the state's assertion in their brief, well, he may have not believed he was in custody is irrelevant It's got to be a custodial interrogation Right Is there any case in which the defendant says, oh, I didn't think he was in custody? That's irrelevant Why? Why is because the U.S. Supreme Court has set a bright line rule to make sure that this is done in every case We're not going to speculate what happens Well, in every case, you have to be given the Miranda warnings prior to custodial interrogation Right But on the question of whether someone is in custody or not The court has used an objective standard saying, would a reasonable man, innocent of any crime What would a reasonable man believe? What would a reasonable man, it doesn't say what the defendant believes That's right It says what a reasonable man would believe That's the objective standard Is there any case in which, before reaching the objective standard, a defendant has said, but I didn't believe I was in custody? No, not to my knowledge Why? Given that criminal law is not academic, but is personal That is, we're concerned with Mr. Cordova here, not with some policy necessarily It's what he thinks If he says, I didn't think I was in custody, why would we, for purposes of custodial interrogation Why would we concern what some hypothetical, objective guy would think? To make sure that the rule was complied with Because, I mean, the people later on, they testify, can testify for lots of reasons, why and everything else like that Well, the rule was clear, and you're right, anytime there's a custodial interrogation, Miranda warnings have to be given But, we're, you know, begging the question, was this a custodial interrogation, was he in custody? The facts here demonstrate that it was It's what a reasonable man would believe Not what the defendant believes, that's what the court says That's because the court wants to make sure it's always given when it should be given Not to find out what the guy thought later on That's if he's in custody Why should we not have a two-step analysis Where the first step is, did this particular defendant believe he was in custody? And secondly, would, if he says yes, then ask, was that reasonable? Would a reasonable man, innocent of anything, similarly believe himself to be in custody? You have to look at what the reasonable man would do under these facts Because that's the only way to make sure that there is abidance with the rule The only way to make sure, at the very outset, that there's abidance with the rule If you notice, the state's never been able to cite one case And that's why I make the analogy with the situation where There was a person who knows his Miranda warnings The person arrested is the prosecutor And he knows his Miranda warnings You have no doubt about that he knows his Miranda warnings It makes no difference if he knows his Miranda warnings If he should be given the warnings, he has to be given them And that's the analogy I make in this situation And you're clearly right, if he's been arrested and in custody I keep saying, on the question of whether he believes himself in custody Why shouldn't that be a first step, before you get to What did he personally think? What just, what did some hypothetical think? Why it's not the first step, is because the U.S. Supreme Court says it's not the first step The Supreme Court has never addressed the situation where a defendant Let's assume my hypothetical, as I ruled 21 years ago for this court, in Gorman That the defendant were to testify in a case like this Where the question is, was the custodial interrogation requiring Miranda warnings? The defendant says, no! I thought, I didn't think I was under arrest And I thought I could leave the police station at any time Assume that to be the testimony Has there been any U.S. Supreme Court or any other court case that says Oh, well disregard that, because we're not concerned with the particular defendant in this very case We're concerned with the hypothetical reasonable man I think, your honor, since Miranda came down I think it came down probably in 64, if I'm not correct 66 66 or 64 In all the decisions decided in the U.S. Supreme In the state courts, federal courts and everything else If that was ever the rule, there would have been somebody who would have Besides, your honor It's a saying, but I don't think it's ever been followed Not an unreasonable position to take, Mr. Cohen I'm often wondering why he isn't anyone else In my opinion, I think it's an unreasonable position to take Because what he says later on Doesn't mean it's what he believed The idea of Miranda is to Avoid from people the pressure Of being in that circumstances And the only way is to look at Not what he believed But what a reasonable person under those facts would believe So under your argument then Do we give any weight at all To the testimony of your client that He did not feel at the time He sat there that he was under arrest Or with the other three people who were also directed from the party To come to the police station No, not Assume this situation Before I do that, I want to make sure I understood your question We give no weight to that at all? I'll tell you what Is that correct? Yes I'll tell you what Let's say the police come to a person And they handcuff him And he says, am I free to go? And they say, no, you have to come with us They handcuff him, they put on leg irons He goes to the station Well, I didn't think that I was Had to worry of being arrested or anything else Because I know, I have clout I have political clout And I know they're going to let me go And I know I have a good lawyer And I'm going to get out of here in 10, 15 minutes It makes no difference that he thought that It's to decide In the Fourth Amendment issue The purpose of the Fourth Amendment Is to regulate the police action That's what the courts always say And also here, it's to regulate the police action By regulating the police action If you do something Which is a situation which will make the average person Feel the pressure of custody Then you have to give that average person Grand ones It's for the same rationale of that Now, you and I can sit here and argue this for hours But I think we know how it's positioned Well, I don't want to take up your time I want to give you an opportunity to address other things Well, I'll talk about other issues The state says here That even if Miranda Williams should have been given The statement could have come in for impeachment That's not true in this case Because in, I think it's the Harris case I cite two cases, one's Harrison and one's Harris Harris versus New York? Yes, and I also have cited Harrison In Harrison v. New York Specifically, the court told the jury The Supreme Court commented on this That the jury was told that this evidence Is only coming in for impeachment And you cannot use this evidence As substance evidence of a crime That wasn't the situation here They weren't told it was used for impeachment Okay, and here it came in as substance evidence In Harrison, the state says Maybe it's harmless error Because of the other In Harrison, they say That the statement comes in This could precipitate the defendants taking the stand And I've cited Harrison In this case, this precipitated The state never, in the response to my motion for new trial I didn't hear the motion to suppress it I only heard the motion for new trial The state did not raise that issue And therefore, under Peoples v. McAdrian Which I cite They have waived that issue The state can waive issues just like anybody else So, this was the error Your Honor looks like they have a question I'm sorry And as to the sufficiency of evidence here The state, in their argument to the jury Used the confession Because they say that the defendant had said He did this for 20 minutes That's in the confession That's not in his testimony at trial In trial, it was 5 minutes, 10 minutes Something like that So, they actually used and benefited From their argument Final argument And I think that the facts here About he was in custody He was brought to the police station He was not One of the things I quote from a faith The defendant was never told he was free to go And they always say The cases where The person was not told they were free to go Is a strong indication that the person was in custody What about the three other people who were with him And told to come down to the police station too According to the defendants Yes Does that make any And the defendant was the one who made the 911 call too Wasn't he? Right Were all of those people in custody For Miranda purposes as well? I don't know Of course I never questioned them It wasn't an issue And in this case, I really don't know What I do know is that As the officer testified here After the defendant Started to make incriminating statements And the officer knew That he was essentially making incriminating statements He continued to ask more questions Why does that matter? What? Why does that matter? Does that help? Does that affect the question of whether he's in custody or not? It matters in regards to Why The Supreme Court made the rule About Miranda limiting police activity when they should In this case it shows that They knew that they shouldn't do this And they continued to question him That's why they shouldn't question him Mr. Conner, under your approach to Miranda Yes If I bring you to the police station Yes And I say You are free to go But I've got some questions Now sit down Can I ask you questions or do I have to mirandize you? Yes, you have to mirandize me I've already told you, you're free to go In this case, he wasn't told he was free to go No, no, I'm joking. Hypothetically You're free to go But I want you to sit down and answer some questions I want you to sit down and answer some questions I would still have to give Miranda warnings Well, that might be a good idea But I'm asking whether it's required I think it's required because But I've already told you, you're free to go But you see, people don't believe everything the police say Well, partly why Right, and therefore they feel under pressure See, the whole purpose of Miranda is to remove the pressure And simply telling people that you're free to go We know that there are enough cases Kicking around the court system Where people say, well, the police told me I was free to go But, you know, they keep questioning me I gave a statement, and then they're not free to go So, yeah I'm an old war horse And I believe the Supreme Court made a good decision on Miranda And I think it should be abided by  Okay Now, that may be personal on my part But you see I've kicked around for a long time For 50 years now And I just believe in protecting citizens' rights And in this case I don't think there's sufficient evidence That this was a reckless versus a negligent act And the statement may affect that In this case And I stand I'm going to do it Standing by my argument And it's a pleasure If I may comment about something else Because I sit here I can't listen to any argument And I'll have something to say if I'm permitted There are Mr. Code, go ahead There are recent law memorandums In shaken baby cases I don't know the details of the case Which have brought out That lots of the past medical stuff And I don't know All I'm suggesting If it's relevant to that case That you have one of your law clerks I know you do because I was a law clerk For Ulysses S. Schwartz Long ago in the first district Looking for that material I thank you Thank you Mr. Manchin Give me a chance to sit down, please Go ahead, take whatever time you need I was going to say, Mr. Cone When it's your opportunity to rebuttal Again, if you would prefer to speak to us That would be just fine Mr. Manchin Thank you, Your Honor May it please the court, counsel Mr. Cone is correct that the Miranda decision   The case of the The case of the The case of the The case of the The case of the Lewis and Gorman This court adopted the two-stage test One, does the defendant believe he's in custody And two, would a reasonable person In his position, innocent of any crime Believe he's in custody And I think this court should stick with that Because if the defendant does not think he's in custody Why go to all the effort of Creating a hypothetical person Because the defendant himself has admitted He is not in custody and didn't get the warnings Well, the flip side is How difficult is it to rattle off Miranda? True, but in this case The police brought a number of people To the station to find out why this guy was unconscious They did not know there was a crime committed This was the third person interviewed by This particular officer At this point in time He still did not know a crime had been committed Or that the defendant Could be the one that committed it Mr. Manchin That's one of the factors as far as custody What does the police know? How do I put this? You don't have to be a long-time investigator To suspect that When someone in his twenties is dead That there may have been some Activities associated with it by third parties That caused the death Maybe negligently Maybe intentionally Maybe recklessly It seems to me that You're putting a rather How shall we say A generous brush on the police activities here About, gee, we have no idea what happened We have a dead guy Let's talk and find out In fact, I suspect that's true But I'm also You mentioned Gorman and Lewis As you may recall I'm sure you do This is Mr. Cohen talked about being in this business For 50 years I've been in this business for over 40 And for 40 years I've been arguing to the police As I wrote in those cases Stop taking people to the police station Interviewing them there And then claiming, gee, they weren't in custody That's the only factor here That I think weighs as far as being custodial Well, it's not just that He's also left now for an hour and a half In the bowels of the police station, isn't he? Has he been spoken to? As I recall the testimony He was not left alone There's other people in the room with him At the same time I don't think that's right I may be mistaken on it But I think he was just put in there And that was it I don't recall I thought that they were all together in that room You may be correct At first they were all just brought in And then they just kind of dispersed And if we affirm here Are we inviting more of the same About just bringing them into the bowels Because the police station is Always the best argument Which the defense has It's always inherently coercive in some sense The question is, was it enough? The trial judge here didn't think so Why did they do it there? I think they did it there Because they had so many people to interview And rather than trying to interview them At the chaos of the party Well they had four people to interview In one apartment, right? How difficult would that be? Why didn't they just sit down in the apartment? The guy was The EMTs just carried the victim out, didn't they? They could have Whose apartment was it? It was one of the other people That was interviewed Not this particular defendant If I recall correctly I don't Frankly What about Justice Appleton's point? I mean, you know What happened? Certainly they could have done that And it would have been a lot cleaner and easier Putting aside the fact That they've taken him to the station What other factors are custodial? The manner of interrogation? The trial judge just said that it was low-key There was no threats There's no indicia of arrest There's no fingerprinting There's no threats No coercion They were brought to the police station By uniformed officers In a squad car Wouldn't that Give a reasonable person A clue that Gee, it kind of Seems like an arrest We don't know what questions were asked To get there Because their testimony was never presented At the suppression unit The only indication as to How the defendant got there Being brought in a car With two police officers This has not come up Until the defendant's Post-trial motion And his affidavit For a new trial Well, it doesn't mean it wasn't true, right? Well, it was contrary to what he had testified to At the suppression hearing His affidavit So we don't know if it's true or not Because he's Changed his position Somewhat between his testimony At the suppression hearing, testimony, trial And now has put his affidavit In the post-trial motion Isn't Mr. Cone correct That had this testimony Not been admitted That the trial court Wrote he was in custody And was only available for impeachment To the extent he testified inconsistently At trial That his inconsistent Testimony would be a disability For impeachment purposes and not substantive That's correct But Be that it may You also have the fact the defendant testifies And his testimony at trial Tracks His Statement With the exception Of how long He was choking the guy He told the police he did it for 20 minutes off and on At trial he says I only did it for 5 to 10 minutes Of course when the motion is suppressed The statement has been denied And that puts a Difference By the way he testified Wasn't it, didn't he testify after His statement had come in That's correct So the state elicited in the state's case in chief Yes and In People out here Decided by the supreme court They Said that when the defendant Takes the stand and admits the matters That were contained in his error In his statement, any error in the admission Statement is either waived or harmless That's the Illinois supreme court's Decision If the defendant takes the stand His statement comes out He's got a choice, he takes the stand Admits it, denies it But if he takes the stand and admits it The Illinois supreme court Says he has now waived or rendered Harmless any error in the admission Of his statements And Setting that aside, setting aside The defendant's statement to the police and setting aside His testimony that he choked the guy I think the evidence here is sufficient To prove the defendant guilty beyond Reasonable doubt Let me ask you a question about that One thing That confuses me is As I understand what happened here That the victim was Blitzed out of his mind And was causing a ruckus And the defendant Put him in Or attempted to put him in a sleeper hole To make him Lie down and be quiet Left the room with him, with the victim On the bed, whether he Was awake or not, I don't know But At some point the victim Got up And was leaned over a chair And that's when he Was found To be an extremist I don't think he would have had to From the position of everything, I don't think he would have Had to get up out of bed in order to be In that position, he could have just Simply rolled out of bed to reach that position That he ended up in You know, from being left on the side of the bed By the defendant when he left the room Or whatever He wasn't Leaned over a chair? He was leaned over a chair But the chair was right next to the bed So that All you would have had to do was roll out of bed And you would have been leaned over that chair As I Understand the testimony And the expert's testimony Was that this guy Did not die from Positional asphyxia That the All his injuries was consistent With having been manually strangled Was there any inconsistent testimony at that point? No There was no inconsistent Testimony regarding that The defendant asked questions about Could he have died from Aspirating vomitus? No The doctor said that the amount of Alcohol was elevated but it was not enough To cause unconsciousness Or death So the only cause of death That he said that there was Was being manually strangled The doctor said that For manual strangulation It would be a minimum of three to five minutes Of being strangled Either at one time Or repeatedly But how much time elapsed From the time The defendant Left the bedroom To when The victim was discovered? I believe it was Somewhere around a half hour I'm not sure exactly The exact time Well if the victim Was laying on a bed When the Defendant left the room And was not laying on the bed Well the defendant left the room And nobody went back into the room To check Until the defendant went back in With somebody else and they found him But the defendant says he went back in Five minutes later That's part of his testimony After he changed clothes Because he's been urinating So he said he went back in five minutes  His body was found over a table Draped over a table not draped over a chair My notes may be wrong That's been The defendant May have testified as coming back In five minutes but I don't recall exactly the time frame It's been a while since I read the record My point is that when the defendant left the room The last time The victim was still alive We don't know that Well how did he move From the bed to the table or chair Or whatever he was on All he had to do was simply roll off the bed That's a volitional movement All he has to have done Was balance on the edge of the bed When the defendant walked out Not smack in the middle of the bed Or anything Because there's no testimony As to where he was laying on the bed When the defendant left But there's testimony That there's a table right by his bed And he had his face down Over the table into the carpet I don't I have a hard time visualizing rolling off And having that happen It's possible We really don't know All we know is that the defendant was the last person in there And he strangled the guy And the doctor said That the only cause of death Was A possible cause of death Was manual strangulation The doctor also said that the voiding of the bowels And the Voiding of the bathroom Was consistent with Being an extremist at that point That was at that point That he was voiding his bowels As he died basically Did the defense present any expert medical testimony at all? No They are The only testimony the defendant tried to bring in Was through the Victim's father When he was at Tried to ask him about some Pre-existing conditions And the charges would not allow that testimony That was the only Medical evidence Sought to be introduced by the defense They Like I said They tried to cross examine the Expert as to other possible causes And said no The only possible cause of death Was manual strangulation I want to go back to Miranda for a minute I have a 21 year old granddaughter Who is an honors student An experienced Crisis counselor Phone person You know people call up When in trouble A Sterling citizen I am 100% sure That if she was at that party And they said You need to come down to the police station Because we have some questions And she rode to the police station In a police car And was put in a room for an hour She would assume She had to stay there And that she had to answer questions But I think She is a reasonable person And I know she didn't do anything But she thinks She is in custody She thinks she is not free to leave Well we have this defendant though that says I thought I was not in custody He says I I am talking about the standard But I think that What would a reasonable person think And I think that 99% Of the populace I am not disputing what the law is I think 99% of the populace Thinks I need to cooperate And I probably need to answer questions I can lie But I probably need to answer questions Well the trial judge in this court Examined the situation carefully As far as whether there is custody or not And he noted The lack of any coercion At the time of the questioning He noted the low key nature Of the questioning He noted the real lack of any information At least at the time of the Questioning And I think his determination That there was no custody Was reasonable If there are no further questions Thank you counsel Mr. Cohen as I said If you prefer you may I know you can be heard So if you are comfortable sitting there Okay You may speak from right there sir First of all The testimony of the defendant He also said That he didn't believe In the freedom of question Volume 6 page Transcript 55 Defendant testified He so believed His influence was limited by the police He testified the question When you were back At the apartment and the police called you You had to come to the station Did you believe you had a right not to go? No Did you believe you had to obey the police? Yes That's the meaning of your movement You don't have to say arrest You don't have to The supreme court didn't say arrest It's limited Movement is a standard Movement is limited And the Trial court relied on As I indicated In my Brief That Slater is very distinguishable And Reed Slater is distinguishable Because in Slater The person was told They didn't have to go to the police station They were told that they were in Slater The person came to the station voluntarily The police didn't take them to the station They drove themselves there If not the person was supposed to drive them back When that person was there So Slater is clearly Distinguishable And the state Used the evidence That was in the statement The final argument The difference is 5 minutes and 20 minutes And in Harris It's not Harris The U.S. Supreme Court said If the state that comes in And the defendant then testifies In response to it There's a Presumption that He would not testify If the state had been coming and relying on that And if the state did not Argue in the trial That That Issue of Of They didn't argue Thousand times I don't mean that often But so often they argue Waver, waver, waver And that also applies to the state And they're bound to it Just like I am And they did not They can't say Pablo Serra They can't say they didn't raise him in the trial At least can't The idea is we're not going to reverse A court and argument never heard But we can affirm on things they never heard As long as the record supports it I stand corrected You know 73 over 74 I forget things And sir If I may comment I don't have a granddaughter I have a daughter 30th grade She's an assistant dean She was at a party And they told her to come to the police station She feels she has to go She's a dean Who deals with this problem That's her assistant dean But she would still feel she has to go Thank you Mr. Cohen Always a pleasure to see you sir